# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

**COLUMBUS PHILLIPS**

**CIVIL ACTION NO. 02-0766**

-vs-

**JUDGE LITTLE**

**CORRECTIONS CORPORATION OF AMERICA, ET AL.**

## MEMORANDUM RULING ON
## MOTION FOR SUMMARY JUDGMENT

Before the court is the motion for summary judgment [Doc. #21] filed by defendants Corrections Corporation of America and Tim Wilkinson. Plaintiff Columbus Phillips did not timely oppose the motion.[1] For the following reasons, the defendants' motion is GRANTED.

## BACKGROUND

On 18 April 2002, *pro se* plaintiff Columbus Phillips ("Phillips"), proceeding *in forma pauperis*, filed a civil rights claim pursuant to 42 U.S.C. § 1983 and a pendent state law tort action pursuant to article 2315 of the Louisiana Civil Code alleging that his constitutional rights were violated while incarcerated at the Winn Correctional Center in Winnfield, Louisiana ("WCC"). Phillips alleges that as a result of injuries sustained at some point during August 2000, he was unable to climb into an upper bunk, and that in spite of

---

[1] This court ordered plaintiff to file an opposition to the defendants' motion by 13 February 2006 [#27]. Plaintiff's letter opposition is dated 27 February 2006 and was filed on 3 March 2006.

being aware of his condition, prison officials ordered him to occupy an upper bunk. Compl. ¶¶ 3, 5. On 20 April 2001, Phillips allegedly fell while attempting to climb into his assigned upper bunk and injured his stomach, lower abdomen, and intestines. Id. ¶ 8. Phillips further alleges that he was denied treatment on an emergency basis. Id. ¶ 9. Phillips seeks relief of $140,000, attorney's fees pursuant to 42 U.S.C. § 1988, and an additional $140,000 in punitive damages.

Defendants Corrections Corporation of America ("CCA") (the operator of WCC) and Tim Wilkinson ("Wilkinson") (the warden of WCC) answered the complaint on 30 May 2002 [#2]. Defendant Richard L. Stalder ("Stalder"), Secretary of the Louisiana Department of Public Safety and Corrections, answered on 16 August 2002 [#4]. CCA and Wilkinson filed the instant motion on 4 November 2005.

## DISCUSSION

A.   **Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).[2]  A fact is "material" if its existence or

---

[2] With respect to defendant Stalder, we note that "[d]istrict courts can enter summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence." Washington v. Resolution

2

nonexistence "might affect the outcome of the suit under governing law." See Anderson, 477 U.S. at 248. A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See id.; Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

In making its determination, the court must draw all justifiable inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).[3] Such evidence should create more than a metaphysical doubt about the material facts or should be more than a theoretical possibility that the claim is good. See Matsushita, 475 U.S. at 586; Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989); Phillips v. Armstrong World Indus., 839 F.2d 1121, 1123 (5th Cir. 1988). The moving party need only point out the absence of evidence supporting the non-moving party's case, and it "need not negate the elements of the nonmovant's case." See Little v. Liquid Air Corp., 37 F.3d 1069,

---

Trust Corp., 68 F.3d 935, 939 (5th Cir. 1995); see also Benchmark Elecs., Inc. v. J.M. Huber Corp., 343 F.3d 719, 725 (5th Cir. 2003). In the instant case, Phillips has been given ample time and notice to produce all of his evidence relating to all defendants.

[3] Local Rule 56.2 also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. See Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

**B.    Supervisory Liability**

To state a claim under 42 U.S.C. § 1983, a plaintiff must show the deprivation of a constitutional right by a person acting under color of state law. See Briscoe v. LaHue, 460 U.S. 325, 329-30 (1983). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." United States v. Causey, 185 F.3d 407, 414 (5th Cir. 1999) (internal citation omitted). That is, a defendant acts under color of state law if he misuses or abuses his official power, and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. Id. at 415; Townsend v. Moya, 291 F.3d 859, 861 (5th Cir. 2002).

In order to be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be

4

redressed. Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983). Supervisory officers cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-95 (1978); Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984) (*en banc*). Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. See Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 534 (5th Cir. 1997). The officials, however, may be liable when enforcement of a policy or practice results in a deprivation of federally protected rights. See Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 215-16 (5th Cir. 1998). The failure to train or the inadequate training of municipal officers also can establish an official municipal policy or custom and subject a local government to liability under § 1983. City of Canton v. Harris, 489 U.S. 378, 387-88 (1989).[4]

The Fifth Circuit has established a three-part test to determine whether an individual supervisor may be liable for a § 1983 failure to train claim, where the supervisor was not directly involved. A supervisor is liable if the plaintiff can establish that (1) the official failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's

---

[4] We observe that an official's conduct is protected by qualified immunity if it was objectively reasonable in light of legal rules that were clearly established at the time of action. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995). The threshold inquiry in examining a defendant's claim of qualified immunity is a purely legal one–whether the plaintiff "allege[d] the violation of a clearly established constitutional right." Siegert v. Gilley, 500 U.S. 226, 231 (1991). Under the facts alleged, Phillips has failed to demonstrate a constitutional violation at all, let alone a violation of a right that was clearly established at the time of his alleged injury.

constitutional rights. Burge v. St. Tammany Parish, 336 F.3d 363, 370 (5th Cir. 2003); see also Harris, 489 U.S. at 391 (requiring that the shortcoming in city's training program be "closely related to the ultimate injury"); Sims v. Adams, 537 F.2d 829, 831 (5th Cir. 1976) (noting that individual supervisor liability "does not specifically require personal participation"). Defendant Wilkinson argues that since he was not personally involved in the alleged constitutional violations, he may not be subject to individual supervisor liability under § 1983. Accordingly, we consider whether Phillips has made allegations that if proven, would be sufficient to show that in failing to train and supervise the correctional officers at WCC, Wilkinson and Stalder acted with deliberate indifference to Phillips' rights.

"Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference." Thompson v. Upshur County, 245 F.3d 447, 459 (5th Cir. 2001). Indeed, a plaintiff alleging a failure to train claim must show a pattern of similar violations. Id.; Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 381-82 (5th Cir. 2005). A supervisor is deliberately indifferent when the inadequate training is so obvious that a constitutional violation would almost always result. Harris, 489 U.S. at 390. When this occurs, the failure to train can be classified as a policy adopted by the defendant, which allows the plaintiff to present evidence of similar occurrences. Conner v. Travis County, 209 F.3d 794, 797 (5th Cir. 2000). Here Phillips has not demonstrated inadequate training by Wilkinson or Stalder with respect to the single incident in question, nor has he alleged any further episodes. His claim therefore fails.

## C. Corporate Liability

Although Corrections Corporation of America is a private corporation, the Corporation may be sued under 42 U.S.C. § 1983 for an alleged constitutional injury, because the operation of a prison is a fundamental government function. See generally Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) ("We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury."); Ivory v. Burns, No. 03-2102, 2005 WL 3113016, at *7 (W.D. La. Nov. 21, 2005) (dismissing § 1983 claim against private prison-management company). The standards applicable to determining liability under § 1983 against a municipal corporation are applicable to determining the liability of a private corporation performing a government function. Olivas v. Corrections Corp. of America, 408 F. Supp. 2d 251, 254-55 (N.D. Tex. 2006).

Generally, with respect to municipal or corporate liability under 42 U.S.C. § 1983, an entity is not responsible for actions that might be attributed to it under principles of *respondeat superior*. Monell, 436 U.S. at 691; see generally Harris, 489 U.S. at 385 (noting that § 1983 liability attaches "only where the municipality *itself* causes the constitutional violation at issue"). Thus, to the extent Phillips claims liability against CCA based only upon the actions of employees of WCC, any such claim fails as a matter of law. See Piotrowski v. City of Houston, 237 F.3d 567, 578, reh'g en banc denied, 251 F.3d 159 (5th Cir.), cert. denied, 534 U.S. 820 (2001).

The court applies the common law standards used to determine § 1983 liability for a municipal corporation to a private corporation. As such, a private corporation performing a government function is liable under § 1983 if (1) there is a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury; (2) the corporation has an official custom or policy which could subject it to § 1983 liability; and (3) the claimant can demonstrate that the corporate action was taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights. See id. at 578-79; Victoria W. v. Larpenter, 369 F.3d 475, 482 (5th Cir. 2004) (citing Monell). Culpability may be shown either through an unconstitutional official policy or through a facially innocuous policy that was implemented with deliberate indifference to a known or obvious consequence that a constitutional violation would result. See Piotrowski, 237 F.3d at 579. To establish the causation element, a plaintiff must show that the policy is the "moving force" behind the violation. Id. at 580. Phillips' claim fails, as he has made no such showing of liability against CCA.

**D.     Liability for Medical Care**

Phillips contends that the defendants failed to provide him with emergency medical treatment. Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Supreme Court has defined "deliberate indifference" as "subjective recklessness," or, in other words, a conscious disregard of a substantial risk of serious harm. Farmer v. Brennan, 511

U.S. 825, 839-840 (1994). A prison guard is deliberately indifferent to serious medical needs of detainees or prisoners if he intentionally denies or delays access to medical care. Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (noting that "the facts underlying a claim of 'deliberate indifference' must *clearly evince* the medical need in question and the alleged official dereliction"). Deliberate indifference, *i.e.*, the subjective intent to cause harm, cannot be inferred from an official's failure to act reasonably. Hare v. City of Corinth, 74 F.3d 633, 649 (5th Cir. 1996).

Because an inadvertent failure to provide adequate medical treatment does not violate the Eighth Amendment, deliberate indifference does not include a complaint that a physician has been negligent in diagnosing or treating a medical condition, Estelle, 429 U.S. at 105-06. Mere disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

According to the records submitted by Phillips pursuant to the Magistrate's order dated 8 April 2003 [#6], Phillips made a written request for emergency medical treatment on 21 April 2001. Defs.' Ex. 7. Phillips was evaluated by a nurse that same day and was scheduled to see a doctor. Defs.' Ex. 8. Phillips was not denied medical care. Indeed, the nurse found no indication that Phillips was suffering from a medical emergency resulting from his alleged fall. In addition, the record does not reflect any bunk restrictions for Phillips prior to the date of his alleged injury. As such, Phillips cannot successfully claim that the WCC staff was deliberately indifferent to his medical needs. Thus, Phillips has not shown

9

that his constitutional right to medical care has been violated. Since there are no genuine issues of material fact that would preclude a summary judgment, defendants are entitled to summary judgment as a matter of law.

**E.      Liability Under State Law**

Phillips also alleges a state law claim for negligence under LA. CIV. CODE ANN. art. 2315 *et seq.*, for delay in providing him medical care. Articles 2315 and 2316 of the Louisiana Civil Code provide that every person is responsible for damages caused by his fault or negligence. See Pitre v. Louisiana Tech Univ., 673 So. 2d 585, 589 (La. 1996). Under this "duty-risk analysis," the plaintiff must prove that: 1) the conduct in question was a cause-in-fact of the resulting harm; 2) the defendant owed a duty of care to the plaintiff; 3) the defendant breached that requisite duty; 4) the risk of harm was within the scope of protection afforded by the duty breached, and; 5) the plaintiff sustained actual damages. Id. at 589-90. If the plaintiff fails to satisfy one of these elements, the defendant is not liable. Id. at 590; Bursztajn v. United States, 367 F.3d 485, 489 (5th Cir. 2004).

In the instant case, as previously discussed, Phillips has not presented any evidence that the defendants were aware of any restriction on his ability to ascend to an upper bunk prior to his alleged injury. Furthermore, they fulfilled their duty to provide Phillips with medical care for his apparent injuries once he reported them. Therefore, as Phillips has not met his burden, the defendants are entitled to summary judgment on Phillips' state law negligence claim.

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment is GRANTED.

Phillips' action against all defendants is DISMISSED WITH PREJUDICE.

Alexandria, Louisiana

9 May 2006

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE